UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

TERRELL LEACH

               Plaintiff,

-against-

THE CITY OF NEW YORK,
POLICE OFFICER WILSON F.
VERDESOTO shield # 26997, POLICE OFFICER DUSTIN
EDWARDS Shield # 2809, POLICE OFFICER ANDY CRUZ
shield # 28171 in their individual and official capacities as
employees of the City of New York Police Department
                                     Defendants.
------------------------------------------------------------------------X

**AMENDED
COMPLAINT AND
JURY DEMAND**

14-CV-3663

The Plaintiff, TERRELL LEACH, by his attorney, Amy Rameau Esq., of The Law Office

of Amy Rameau, alleges the following, upon information and belief for this Complaint:

### NATURE OF THE ACTION / PRELIMINARY STATEMENT

1.     This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§

1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States

Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and

the common law of the State of New York, against the City of New York and the Police Officers

named above, police officers of the City of New York, in their individual and official capacities.

Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of

attorneys' fees and costs, and such other relief as this Court deems equitable and just.

### JURISDICTION

2.     This Court has subject matter jurisdiction over the federal claims pursuant to 28

U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of

New York under 28 U.S.C. §1331 and §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

## VENUE

3.       Under 28 U.S.C. § 1391(a),(b),(c), venue is proper in the Eastern District of New York.

## PARTIES

4.       Plaintiff at all times relevant hereto resided in the City and State of New York.

5.       That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6.       THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7.       That at all times hereinafter mentioned, and on information and belief, the defendant Police Officers, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

8.       At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

9.       That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative

capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

10.    That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

11.    Plaintiff is an African-American single male. On May 14, 2014, plaintiff was standing in the lobby of his apartment building with friends when plain clothes officers entered the lobby through the front door with weapons at hand. Plaintiff and others were in fear for their lives and exited the lobby. At no time did the officers identify themselves as officers. As plaintiff exited the building other officers in an unmarked police car, deliberately drove in plaintiff's direction and deliberately hit plaintiff with said unmarked car. The officers exited the unmarked car, verbally abused and, without lawful justification, forcibly assaulted plaintiff who has already sustained serious physical injuries as a result of the vehicular assault by the officers.

12.    After defendant officers put the cuff on plaintiff, plaintiff asked "why are you doing this to me? I am going to lose my job." One of the defendant officers laughed and responded "I am going to make sure you lose your job" as defendant officer placed his knees and full body weight upon plaintiff's back making it difficult for plaintiff to breath. During this arrest, defendant officers' dragged plaintiff into an awaiting police car as plaintiff could not walk as a result of the injuries he sustained to his hip after being struck by the unmarked police

vehicle.  Plaintiff begged for medical attention at the scene and was denied medical attention.
Defendants did all this in plain view of several witnesses.  Plaintiff was taken to the precinct
where plaintiff asked for medical attention and was denied medical attention yet again.

13.  Plaintiff posed no threat to any police officer and plaintiff had committed no
crime. Defendants lied and logged baseless and false charges against plaintiff.

14.  Plaintiff posed no threat to any citizens.

15.  All of the above was done in violation of state and federal law.

16.  The POLICE OFFICERS mentioned herein employed unnecessary and
unreasonable force against the plaintiff.  They could have killed plaintiff when they hit him with
their unmarked police car.  Plaintiff cried out in pain and defendant officers told him to "shut
up."  Defendant officers then punched plaintiff again.  Plaintiff bled profusely.  Defendant
officers still refused to take plaintiff to the Hospital.  Once plaintiff arrived at central booking
paramedics examined plaintiff and sent him to Brooklyn Hospital.

17.  On May 15, 2014, plaintiff was arraigned under Kings County Criminal Court
Docket 2014KN035782.

18.  That very day, all charges against plaintiff were adjourned in contemplation of
dismissal.

19.  As a result of this assault, Plaintiff sustained a number of serious physical
injuries.

20.  Defendant officers acted maliciously and intentionally, and said acts are examples
of gross police misconduct.

21.  As a direct and proximate result of the malicious and outrageous conduct of
defendants set forth above, plaintiff suffered injuries including but not limited to emotional

trauma, harm and distress, mental anguish, serious physical injuries including several bruises, contusions, laceration, scrapes internal injuries to plaintiff's arms and legs, hip, loss of liberty, and psychological injury and suffering.

22.     Plaintiff remains unable to engage in the daily activities he once performed due to the injuries he sustained from the defendants' assault upon him.  Plaintiff is in constant pain and continues to use a **cane** to walk.

23.     The conduct of the defendant police officers in assaulting the plaintiff proximately caused serious physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

24.     The arrest of the plaintiff was accomplished with the intentional use of excessive force. The defendant police officers acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

25.     As a direct result of the acts alleged herein, the plaintiff has suffered severe physical injury and pain, severe mental pain and anguish, and severe emotional distress.  All of the events complained of above have left permanent emotional scars that the plaintiff will carry with him for the remainder of his life.


## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER EIGTH AND FOURTEENTH

### AMENDMENTS AND 42 U.S.C. § 1983

26.     The plaintiff incorporates by reference the allegations set forth in Paragraph 1 through 25 as if fully set forth herein.

27.     The conduct and actions of defendant officers acting under color of law and under their authority as a New York City Police Officer, in deliberately punching and kicking the plaintiff in the throat and abdomen, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific serious bodily harm, pain and suffering in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution.

28.     As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM

**RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT FOR STATE LAW VIOLATIONS**

29.     The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 28 as if fully set forth herein.

30.     The conduct of defendant officers and all other defendant officers mentioned herein, occurred while they were on duty, and in and during the course and scope of their duties and functions as New York City police officers, and while they were acting as agents and employees and defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, and as a result the defendants CITY OF NEW YORK and NEW YORK CITY

POLICE DEPARTMENT are liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

31.     As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM

### ASSAULT AND BATTERY

32.     The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 31 as if fully set forth herein.

33.     By the actions described above, defendant officers did inflict assault and battery upon the plaintiff. The acts and conduct of the defendants were the direct proximate cause of injury and damage to the plaintiff and violated the statutory and common law rights as guaranteed by the laws and the Constitution of the State of New York.

34.     As a result of the foregoing, the plaintiff sustained painful permanent injuries to his body and was made ill.

35.     As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36.     The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 35 as if fully set forth herein.

37.     By the actions described above, defendant officer engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally

caused severe emotional distress to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed him by the laws and Constitution of the State of New York.

38.   As a result of the foregoing, the plaintiff was subjected to great humiliation, and was otherwise damaged and injured.

39.   As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM

### NEGLIGENCE

40.   The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 39 as if full set forth herein.

41.   The defendants, jointly and severally, negligently caused severe physical injuries, denied medical treatment, and caused extreme emotional distress to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights guaranteed him by the laws and Constitution of the State of New York.

42.   As a result of the foregoing, the plaintiff sustained painful injuries was subjected to great humiliation and emotional distress, was deprived of liberty and detained, and was otherwise damage and injured.

43.   As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM

## EXCESSIVE USE OF FORCE

### 42 U.S.C. § 1983

44.     The plaintiff incorporates by reference the allegations set forth in Paragraph 1 through 43 as if fully set forth herein.

45.     The conduct and actions of defendant officers acting under color of law and under their authority as New York City Police Officers, in deliberately punching and kicking the plaintiff, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific serious bodily harm, pain and suffering in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution.

46.     As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.


## REQUEST FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars on each of the plaintiff's Causes of Action;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action pursuant to 42 U.S.C. 1988;

D.  Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a jury trial.

Dated: December 23, 2014
    Brooklyn, New York

Amy Rameau, Esq.
Law Offices of Amy Rameau
Esq.,
16 Court St, Suite 2504
Brooklyn, NY 11241

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------X

TERRELL, LEACH

                    Plaintiff,

        -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER WILSON F.
VERDESOTO shield No. 26997, POLICE OFFICERS
JOHN DOE NUMBER 1 THROUGH 6 in their individual
and official capacities as employees of the City of New
York Police Department

                    Defendants.

--------------------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

Amy Rameau, Esq.
Attorney for Plaintiff
16 Court Street, 2504
Brooklyn, NY
11241
Tel: 718.887.5536
Fax: 718.875.5440